1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10
11   GRACE L. SANDOVAL,                        CASE NO. 09cv2217-L(JMA)
12                              Plaintiff,     **ORDER (1) GRANTING
                                               MOTION TO PROCEED** *IN*
          vs.                                  *FORMA PAUPERIS*; **(2)
13                                             DENYING REQUEST FOR
                                               APPOINTMENT OF COUNSEL;**
14   MERCURY INSURANCE,                        **AND (3) DISMISSING**
                                               **COMPLAINT**
15                             Defendant.
16
17          Plaintiff Grace L. Sandoval, proceeding *pro se*, has submitted a complaint pursuant

18   to 18 U.S.C. § 1962.  With the complaint Plaintiff filed a Motion to Proceed *in Forma*

19   *Pauperis* and a Request for Appointment of Counsel.

20          All parties instituting any civil action, suit or proceeding in a United States District

21   Court must pay a filing fee.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a

22   plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed *in forma*

23   *pauperis* pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177

24   (9th Cir. 1999).  Plaintiff's declaration shows she has insufficient income and assets to pay

25   the filing fee.  Accordingly, Plaintiff's motion to proceed *in forma pauperis* is granted.

26          The court is obligated to review a complaint filed *in forma pauperis* and must

27   dismiss it if it determines that the action is frivolous or malicious, fails to state a claim on

28   which relief may be granted or seeks monetary relief against a defendant who is immune

1   from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th

2   Cir. 2001).  "[W]hen determining whether a complaint states a claim, a court must accept

3   as true all allegations of material fact and must construe those facts in the light most

4   favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

5         A complaint will be considered frivolous, and therefore subject to dismissal under

6   § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v.*

7   *Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33

8   (1992).  A federal court cannot properly *sua sponte* dismiss an action commenced *in forma*

9   *pauperis* if the facts alleged in the complaint are merely "unlikely."  *Denton*, 504 U.S. at

10  33.  However, a complaint may be properly dismissed *sua sponte* if the allegations are

11  found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the

12  irrational or the wholly incredible."  *Id*. at 32-33.  In addition, cases which "merely repeat[]

13  pending or previously alleged claims" may be dismissed as frivolous.  *Cato v. United*

14  *States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  If a case is classified as frivolous, "there is,

15  by definition, no merit to the underlying action and so no reason to grant leave to amend."

16  *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (*en banc*).

17        Plaintiff claims her action arises under the Racketeer Influenced and Corrupt

18  Organizations Act ("RICO"), 18 U.S.C. § 1962(a), (b), (c) and/or (d).  (*See* docket no. 1,

19  Civil Cover Sheet.)  Pursuant to 18 U.S.C. § 1964(c), "[a]ny person injured in his business

20  or property by reason of a violation of section 1962 of this chapter may sue therefor in any

21  appropriate United States district court . . .."  Neither the complaint nor the accompanying

22  RICO Case Statement is sufficient to state a claim.  In  the complaint, devoid of any

23  headings or paragraphs, Plaintiff offers a stream-of -consciousness account of fantastic and

24  fanciful criminal activity.  These allegations are similar to the allegations in the previously-

25  dismissed cases, Grace L. Sandoval v. Rogelio Pina, case no. 08cv1297-L(LSP), Grace L.

26  Sandoval v. Leonard Fink, case no.08cv1869-L(NLS), and Grace L. Sandoval v. Interim

27  Health Care, case no. 09cv1507-L(POR).

28        Plaintiff's allegations are fanciful and fantastic rather than merely unlikely.  An

1  example of Plaintiff's "fanciful" allegations is that

2      Ernest Manuel Gutierrez Jr. is . . . born out of wedlock, born premature with
       the drug Provera illegally, etc. . . . Ernest Manuel Gutierrez Jr. planned the
3      pile up of five cars on freeway fifteen . . . with many others that were also
       born premature with the drug Provera illegally . . ..

4

5  Another example is that Plaintiff

6      contacted Modern Paint and Body . . . and immediately owner agreed to have
       my car . . . towed to repair with one letter from Mercury Insurance after
7      reading entire letter on telephone.  Owner of Modern Paint and Body
       providing me . . . with an estimate of damages immediately and also to charge
8      me . . . with amount of tow because Mercury Insurance did not agree to pay
       for damage to my car . . ..  Owner of Modern Paint and Body . . . is an orphan
9      from Arizona.  Owner of Modern Paint and Body . . . did the same to my
       daughter . . . after her car . . . had damages as planned also by orphans from
10     Arizona involved in planning auto accidents, rear end to cars, collision, pile
       up of cars on freeways, etc. including stealing thousands of cars . . ..

11

12 Although in some cases it may be difficult to judge whether a plaintiff's factual allegations

13 are truly "fanciful," "fantastic," or "delusional" as opposed to merely "unlikely," this is not

14 such a case. *See Denton*, 504 U.S. at 33.  These allegations "rise[] to the level of irrational

15 or the wholly incredible." *Id*.  Accordingly, the complaint is dismissed as frivolous.  *See*

16 *Lopez*, 203 F.3d at 1127 n.8.

17       Based on the foregoing, Plaintiff's request to proceed *in forma pauperis* is

18 **GRANTED**.  The complaint is **DISMISSED WITHOUT LEAVE TO AMEND.**

19 Plaintiff's motion for appointment of counsel is **DENIED** as moot.

20       **IT IS SO ORDERED**.

21

22 DATED:  October 22, 2009

23

24                                                          M. James Lorenz
                                                            United States District Court Judge

25

26

27

28